MARY P. HORNER, individually and as next friend
for Allison K. Horner and Stacy P. Horner, Minors,
and MARGARET A. A. HORNER, Petitioners
*v.* CRIMINAL INJURIES COMPENSATION
COMMISSION OF THE STATE OF HAWAII,
CLINTON K. L. CHING, ROLAND D. SAGUM,
and RALPH YEMPUKU, Respondents

No. 5418

February 16, 1973

Richardson, C. J., Marumoto, Abe,
Levinson and Kobayashi, JJ.

*Per Curiam.* Petitioners are claimants under HRS §
351, a statute enacted to aid victims of certain crimes
by providing compensation to victims, or dependents
of deceased victims, of crimes enumerated therein, among
which are manslaughter, aggravated assault or battery,
or intermediate assault or battery. The statute is adminis-
tered by Criminal Injuries Compensation Commission
appointed pursuant thereto.

Petitioners filed their claim for compensation with
the commission, alleging that they are dependents of
Roy Horner, who was killed in an automobile accident
on Molokai on July 3, 1970, under circumstances which
brought his death within the purview of the statute.

The commission held a hearing on the petition on
August 31, 1972, and denied the same on November 6,
1972, in a letter which stated: "Based upon the records
filed in connection with this application, it is the deci-
sion of the Commission that the occurrence causing the
death of the victim, Roy Horner, was an automobile ac-
cident and not a crime enumerated in the statute."

The decision was not accompanied by separate find-

ings of fact and conclusions of law.

On December 5, 1972, petitioners' attorney filed with the commission a request for compliance with Hawaii Administrative Procedure Act, attaching thereto proposed findings of fact, so that petitioners might appeal the decision to this court.

In answer to the request, the executive secretary of the commission wrote to petitioners' attorney on December 15, 1972, advising him to contact deputy attorney general Olen Leonard, to whom the matter had been referred.

Petitioners' attorney received the letter of the executive secretary of the commission on December 18, 1972. On the following day, petitioners' attorney contacted the deputy attorney general, and was orally informed by the latter that the commission would take no action on the request inasmuch as it had no obligation to comply with the administrative procedure act.

On January 13, 1973, petitioners filed their notice of appeal to this court.

HRS § 351-17 (b) provides that persons aggrieved by a decision of the commission have a right of appeal to this court on the sole ground that the decision was in excess of the commission's authority or jurisdiction, provided the appeal is filed within thirty days after service of an original or a certified copy of the decision.

We think that the request of petitioners' attorney for compliance with the administrative procedure act suspended the time for the taking of an appeal in this case, that such time began running from the day that the deputy attorney general orally informed petitioners' attorney that the commission would take no action on the request, and that the appeal is properly before this court inasmuch as it was taken within thirty days after petitioners' attorney was so informed.[1]

---

[1] Strictly, the answer of the commission, through the deputy attorney

The proceeding presently before us has been filed by petitioners, and prays for a writ of mandamus directing the commission to rule upon the proposed findings of fact served on December 5, 1972, and render a decision in writing accompanied by separate findings of fact and conclusions of law, all of which shall be submitted as a part of the record on appeal previously designated by petitioners and filed with the commission.

Under HRS § 602-5, this court, in aid of its appellate jurisdiction, may issue writ of mandamus necessary or proper to the complete exercise of such jurisdiction.

Petitioners' case before the commission was a "contested case", as that term is defined in HRS § 91-1 (5)

Under HRS § 91-12, every decision adverse to a party to the proceeding in a contested case is required to be in writing, accompanied by separate findings of fact and conclusions of law, and if any party has filed proposed findings of fact, the agency is required to incorporate in its decision a ruling upon each proposed finding.

The writ of mandamus prayed for in the petition will be issued upon presentation. In this case, findings of fact and conclusions of law are not only required by the statute, but are necessary, or at least proper, to the complete exercise of our appellate jurisdiction.

*Gene Bridges* for petitioners.

*Olen E. Leonard, Jr.,* Deputy Attorney General (*George Pai,* Attorney General, with him on the brief), for respondents.

---

general, to the request of petitioners' attorney should have been in writing, but we waive that technicality inasmuch as insistence thereon serves no purpose other than to delay the appeal of this case.