GENE BRIDGES, MARY P. HORNER, individually and on behalf of Allison K. Horner and Stacy P. Horner, Minors, and MARGARET A. S. HORNER, Plaintiffs-Appellees, *v.* CLINTON K. L. CHING, et al., individually and as members of the CRIMINAL INJURIES COMPENSATION COMMISSION OF THE STATE OF HAWAII, Defendants-Appellants.

NO. 5865

JULY 28, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This action was brought against three persons, "individually and as members of the Criminal Injuries Commission of the State of Hawaii". Summary judgment was entered against the Commission only. A notice of appeal was filed by "all of the defendants". The briefs agree that the Commission is a party to this action and is the only appellant.

Chapter 351, HRS, provides for the payment of compensation to the victims of certain crimes, and to their dependents, from a criminal injuries compensation fund created and replenished by legislative appropriation. The Chapter creates the Criminal Compensation Commission and gives it discretion to award compensation, not exceeding $10,000, to eligible recipients after consideration of any circumstances it considers relevant, including the behavior of the victim. Provision is made for hearings upon application for compensation. The Commission may allow attorney's fees payable out of the award, not exceeding 15% of any award of more than $1000.

Roy Horner was killed in an auto accident on July 3, 1970 on Molokai. The plaintiffs in the present action, other than plaintiff Bridges, are the widow and children of Roy Horner, who presented an application to the Commission for compensation for the death of Roy Horner. That application was denied on November 6, 1972 upon the ground that the death was not the result of a crime specified in Chapter 351. The decision was not accompanied by separate findings of fact and conclusions of law. The Horners then sought the entry of findings of fact and conclusions of law as provided by HRS § 91-12, a part of the Hawaii Administrative Procedure Act, which the Commission refused upon the advice of the Attorney General. Other efforts failing, the Horners sought a writ of mandamus from this court, which we granted in *Horner v. Criminal Injuries Compensation Comm'n*, 54 Haw. 294, 506 P.2d 444 (1973), ordering the Commission to render a decision in writing accompanied by separate findings of fact and conclusions of law, In all of these proceedings, the Horners were represented by plaintiff-appellee Bridges as their attorney.

In response to the writ of mandamus, the Commission entered a decision denying compensation, from which the Horners appealed to this court. In *Application of Mary P. Horner*, 55 Haw. 514, 523 P.2d 311 (1974), we reversed the Commission, holding that it had abused its discretion in denying compensation on the ground that the auto accident did not result from one of the crimes enumerated in the statute. From memoranda filed in the circuit court it appears that a maximum award of $10,000 was then made by the Commission, less a deduction of $225, and that appellee Bridges was awarded 15% of the net sum or $1,461.75 as an attorney's fee. The present action was then brought seeking recovery of $1500 as a reasonable fee for obtaining the writ of mandamus and $300 as an attorney's fee upon that amount. Upon the pleadings and an affidavit of appellee Bridges showing expenditure of 26 hours of time in connection with the mandamus proceeding, summary judgment for $1800 was granted to plaintiffs against the Commission.

The briefs of both parties proceed on the assumption that

this is an action against the State under the Tort Liability Act, HRS ch. 662. Appellees' theory of the case is that the Commission intentionally refused to perform a ministerial duty with consequent injury to appellees. Issues which the parties address include whether any immunity which the individual members of the Commission possess with respect to their performance of a quasi-judicial function extends to the State. *Cf. Medeiros v. Kondo*, 55 Haw. 499, 522 P.2d 1269 (1974); *Butz v. Economou*, 98 S. Ct. 2894 (1978). Absent immunity, the question of the State's liability for misinterpretation of the procedural requirements of Chapter 351 leads into consideration of broad questions of State liability for faulty performance by a quasi-judicial tribunal. See 3 Davis, Administrative Law Treatise, § 25.16 (1958). We avoid consideration of these questions, since the summary judgment for appellees cannot be sustained on the record before the circuit court even if the questions with respect to the grounds of the State's asserted liability were to be resolved in favor of the appellees.

In *Glover v. Fong*, 40 Haw. 503 (1954), we sustained an award of the actual legal expenses of a mandamus proceeding as compensatory damages for the refusal of a public officer to perform a ministerial duty. The complaint in the present action sought recovery of $1500 as a reasonable fee for services by appellee Bridges as attorney in the mandamus action which culminated in our decision in *Horner v. Criminal Injuries Compensation Comm'n, supra,* and an additional $300 as an attorney's fee pursuant to HRS § 662-12. We think no argument is needed for the proposition that appellee Bridges, whose only relation to the case is as attorney for the claimants, can show no injury arising from the actions of the Commission. Any claim which he may have for compensation for his services in the mandamus proceeding is one against his clients. In memoranda filed in the circuit court by appellee Bridges, he advised the court that he considered it unfair to ask his clients to pay for these services and accordingly instituted the present action to recover their value. The remaining appellees, the Horners, made no showing with respect to the expense which they had actually incurred for the

prosecution of the mandamus proceeding. The representations to the circuit court of appellee Bridges, if they do not negate the incurring of expense for his services, leave the amount of expense incurred by the Horners wholly uncertain. The remaining $300 claimed and allowed as an attorney's fee under § 662-12 must be sustained, if at all, as an award of attorney's fees in an action against the State. Such an award may not exceed 20% of the amount recovered. If the judgment cannot be sustained for the $1500 claimed as an attorney's fee by appellee Bridges, the remaining $300 must also fall.

We conclude that the record before the circuit court did not support an award of compensatory damages to appellees upon any theory of the case, and that the summary judgment was improvidently entered.

The judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

*Tany S. Hong*, Deputy Attorney General, State of Hawaii, for defendants-appellants.

*Gene Bridges* for plaintiffs-appellees.