**William Leo AMES, Appellant,**

v.

**The STATE of Texas, et al., Appellees.**

**No. 2–82–172–CV.**

Court of Appeals of Texas, Fort Worth.

July 27, 1983.

Rehearing Denied Aug. 24, 1983.

Kearby Perry, Wichita Falls, for appellant.

James R. Sheffield, Asst. Atty. Gen. of Tex., Austin, for appellees.

Before FENDER, C.J., and BURDOCK and SPURLOCK, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from a judgment denying benefits under the Crime Victims Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8309–1. This is a case of first impression.

Appellant, William Leo Ames, brought suit against the State of Texas seeking to set aside a ruling of the Texas Industrial Accident Board denying his claim for benefits. The case was heard by a jury upon submission of special issues.

Ames alleged that he was sitting in a tavern in Parker County, Texas when he was suddenly attacked with such force as to lose the sight of his right eye and to crush some cheek bones in his face. As a result of that assault he incurred numerous medical bills and a loss of earning capacity. The appellee answered with a general denial and a plea that appellant had not timely filed his claim with the Industrial Accident Board as required by the statute.

The stipulated facts were that appellant was injured on June 1, 1980 and that the claim with the Industrial Accident Board was filed on the first day of December 1980, 182 days later. In answer to special issues the jury found that appellant was mentally and physically incapacitated from filing his claim with the board for a period of at least three days after he sustained the injury in question. The jury further found that appellant *did not have* cause for not filing his claim up until the time the same was filed.

Appellant urges three points of error but argues in his brief that the sole question presented on appeal is whether or not the period of time that he was physically and mentally incapacitated from filing his claim should be deducted in determining whether or not the claim was timely filed. By stipulation appellant proved he was only two days late in filing his claim, and he urges that the three days of incapacitation should have been deducted, that is the time for filing tolled, and that his claim would have otherwise been timely filed.

We disagree, and affirm the judgment.

The statute in question provides in § 4(c): A claimant may file an application within 180 days after the date of the crime, except that the board [the Industrial Accident Board] may extend the time for filing for good cause shown by the claimant.

And § 6(c) provides:

The board shall deny the application if:
(1) the criminally injurious conduct is not reported or the application is not made

in the manner specified in Section 4 of this Act;

Tex.Rev.Civ.Stat.Ann. art. 8309–1.

█ These two sections of the Act provide that the filing requirement of § 4 is mandatory and that should the applicant fail to file within the 180 days the time for filing can be extended only upon good cause. Further, it is mandatory and incumbent upon the Board to deny the application if the party filing has not made such application in accordance with § 4. This clear language in no uncertain terms requires that the applicant's claim be denied unless such person can show good cause for late filing.

In this case the appellant requested from the jury a special issue upon his evidence demonstrating what he believed to be good cause. The jury found from the facts that he had no good cause for failing to file his application within the 180 days. Appellant would have this court substitute its standard for that of the jury and even for that of the Legislature which did not provide any other exceptions. The Legislature could have provided that the statute would automatically be tolled if the victim were incapacitated in some instance. It did not. We find that the Legislature intended that the 180 day period of time to be mandatory and it provided a savings clause giving to the Board the power and the authority to extend time for filing should the applicant show the Board good cause. If § 4(c) were not mandatory there would not be any requirement for good cause.

Appellant has cited two authorities for his proposition that his incapacity should have, as a matter of law, excused him from filing his claim within the statutory period. See *City of Wichita Falls v. Geyer,* 170 S.W.2d 615 (Tex.Civ.App.—Fort Worth 1943, writ ref'd, want merit) and *McCrary v. City of Odessa,* 482 S.W.2d 151 (Tex. 1972). We find these cases to be well reasoned, but not proper authority in the face of the explicit language of the particular statute and of the Legislature's obvious intent to limit the provisions of the same.

█ Appellant has argued that this particular legislation is social in nature and should be construed liberally and in favor of the injured party. This we decline to do as we have a specific jury finding of no good cause to excuse his late filing. We have before us no compelling social reason to substitute the appellant's requested construction of the statute and law for that of the obvious legislative intent which permits such a finding of fact.

The judgment of the trial court is affirmed.

BURDOCK, J., dissents.

BURDOCK, dissenting.

I respectfully dissent.

This is an appeal from a suit for benefits under the Crime Victims Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8309–1. This is a case of first impression.

I would affirm the judgment as reformed.

The issue presented to this court is whether the time limitation for filing a claim under Tex.Rev.Civ.Stat.Ann. art. 8309–1, § 4(c) is mandatory and may not be tolled without permission of the T.I.A.B.

I believe it is not.

The facts are correctly set forth in the majority opinion.

The task is to assess the nature of the statutory time limitations on the filing of claims with the T.I.A.B. In response to increasing public concern for the plight of innocent victims of violent crime, the Legislature enacted the Crime Victims Compensation Act (the Act) of 1979. Tex.Rev.Civ. Stat.Ann. art. 8309–1 et seq. This statutory device created a mechanism whereby certain classifications of victims could obtain limited reimbursement for financial losses occasioned by criminal acts upon application to the Industrial Accident Board. *See* generally: *Compensation for Victims of Crime—Texas Approach,* 34 SW. L.J. 689 (Tex.1980) and *Crime Victims Compensation Act: Texas Compensates Victims of Crime,* 32 Baylor L.Rev. 247 (1980).

The pertinent portions of the act involved in this appeal are set forth as follows:

A claimant may file an application within 180 days after the date of the crime, except that the board may extend the time for filing for good cause shown by the claimant.

Tex.Rev.Civ.Stat.Ann. art. 8309–1, § 4 (c)(1).

Section 6(c)(1) must be read in conjunction with § 4(c)(1) and provides as follows:

The board shall deny the application if: (1) the criminally injurious conduct is not reported or the application is not made in the manner specified in Section 4 of this Act.

The Legislature sought to achieve a means for indemnification of innocent victims of criminal acts who suffer personal injury or death as the result of criminal acts. The basis of the Texas Act is not unlike similar acts passed in different states.

However, because the legislation implementing such indemnification is relatively new, there is little case law interpreting criminal victim acts. We find no case law in Texas. Therefore we must look to the law of sister states.

To determine whether the law is to be interpreted restrictively we find the Supreme Court of Hawaii has held that:

In light of the benefit purpose of the statute, the government's recognition of its duty to protect people from the consequences of criminal acts, and the drafters' intent to compensate a claimant's net economic loss to the fullest extent possible, we believe the statute should be construed liberally in determining the eligibility of an applicant.

*In re Application of Mary Horner,* 55 Haw. 514, 518, 523 P.2d 311, 314 (1974).

*Application of Edmundson,* 63 Haw. 254, 625 P.2d 372 (1981).

The Court may also look at the intent of the Texas Workers' Compensation Act, Tex. Rev.Civ.Stat.Ann. art. 8307. Which has been liberally construed in favor of the injured employee.

The State of Texas would ask this court to be so restrictive that no claim could be considered under the Act unless filed within 180 days of the criminal event unless an extension of time is granted by the T.I.A.B. for good cause shown. The State compares and argues that § 4(a) of the Workers' Compensation Act has proven to be one of the most confusing sections of Tex.Rev.Civ. Stat.Ann. art. 8307.

I disagree. The Workmans' Compensation Act permits tolling of the limitation period. The body of case law interpreting § 4a of Tex.Rev.Civ.Stat.Ann. art. 8307 rejects this theory. To do so would create a new body of case law to apply to a different statute both of which are administered by the same administrative body, the Industrial Accident Board, and thus would be more confusing.

I believe the language and case law of art. 8307, § 4a can easily be applied to art. 8309–1, § 4(c). Section 4a states in pertinent part:

Sec. 4a. Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury or of the first distinct manifestation of an occupational disease; or, in case of death of the employee or in the event of his physical or mental incapacity, within six (6) months after death or the removal of such physical or mental incapacity. For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board.

The application of the tolling provision of the Workers' Compensation Act to the Crime-Victims Protection Act, could not work to the prejudice of anyone since this is

not an action against a third party. However, failure to do so could work to cause great inequity.

In the instant case, Ames might have easily filed his claim within the statutory time. However, to hold that the limitation provisions can not be tolled for the time the crime victim was incapacitated would work to disfranchise seriously injured victims. The position of the State of Texas is untenable should a crime victim be incapacitated for a term close to or after the 180 day deadline. Accordingly, the State's position, if a person were to be unconscious for six months and therefore not able to file for an extension would not be eligible for any benefits because a claim was not filed.

The State would argue that the extension provision of the Act, wherein the Board may extend the time for filing for good cause shown by claimant, would protect the seriously injured individual. I reject this argument. If a person is too incapacitated to file a claim, I do not find he would be of such capacity to request an extension if the time limitation were not tolled. In one of the few cases involving the tolling of a limitation provision of a criminal victims act, the New Jersey Supreme Court, in the case of *White v. Violent Crimes Compensation Board,* 76 N.J. 368, 388 A.2d 206 (1978), has held that:

> [A]llowing the statutory limitation period to be tolled would not frustrate the legislative goal of protecting the limited resources of the Board from fraudulent claims. The primary purpose of the Act is to provide compensation to persons who have suffered bodily injury from the commission of a serious crime. It would be anomalous indeed if the incapacity resulting from the infliction of those injuries could operate to deprive an otherwise eligible victim of the opportunity to benefit from the legislative enactment designed to mitigate the often devastating economic consequences of such injuries. p. 214–215.

The time period Ames was both mentally and physically incapacitated tolled the statutory period for filing a claim with the T.I.A.B. and therefore Ames did file his claim within the required time.

The trial judge should have ignored the answer of special issue number 8 and entered judgment for appellant for the amounts set forth in the answers to the remaining special issues, together with costs of court, and an additional $750.00 for attorney's fees on appeal; with statutory interest thereon from the date of the judgment until paid.