**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001140
22-FEB-2019
08:14 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

SPAR MARKETING SERVICES, INC., Appellant-Appellee,
v.
STATE OF HAWAIʻI, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS,
EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE,
Appellee-Appellant,
and
THAD J. INOKUCHI, Appellee-Appellee

NO. CAAP-13-0001140

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2084)

FEBRUARY 22, 2019

FUJISE, PRESIDING JUDGE, REIFURTH AND HIRAOKA, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

Appellant State of Hawaiʻi Director of Labor and
Industrial Relations (**Director**)[1] appeals from the April 29, 2013
Order Reversing Employment Security Appeals Referees' Office
Decision 1101663 (**Order**) and the Final Judgment (**Judgment**) in
favor of Appellee Spar Marketing Services, Inc. (**Spar**) entered by

---

[1]     The Director is deemed to be a party in any proceeding, such as
this, arising from the Hawaii Employment Security Law, Hawaii Revised Statutes
(**HRS**) Chapter 383.  HRS §§ 383-41, 383-42 (2015).

the Circuit Court of the First Circuit (**Circuit Court**)[2] on May 7, 2013. The Director contends that the Circuit Court erred when it reversed the State of Hawai'i Department of Labor and Industrial Relations (**DLIR**) Employment Security Appeals Office Decision 1101663 (the **Agency Decision**) that held Spar liable for unemployment insurance contributions. We agree that the Circuit Court erred by re-weighing the evidence presented to the DLIR hearings officer. We reverse the Order and the Judgment and affirm the Agency Decision for the reasons set forth below.[3]

## I. Procedural History

Spar and Thad Inokuchi (**Inokuchi**) were parties to an Independent Merchandiser Agreement (**Agreement**). The Agreement states in bold type that "[i]t does NOT create any employer/employee relationship" (capitalization and underscoring in original). Inokuchi accepted the Agreement on October 21, 2010. Inokuchi performed services (restocking and maintaining DVD rental kiosks) for three of Spar's clients at various Safeway and Office Depot stores in Honolulu pursuant to written instructions he received from Spar. Inokuchi was paid by Spar and received an IRS Form 1099-MISC from Spar.

On January 6, 2011, Inokuchi filed a claim for unemployment benefits under the Hawaii Employment Security Law (HRS Chapter 383) with DLIR. On April 26, 2011, DLIR's Employer Services Section determined that Inokuchi was engaged in covered employment and issued a notice of assessment for $29.38 to Spar, representing Spar's unemployment insurance contributions pursuant to HRS Chapter 383, Part III.

By letter dated May 4, 2011, Spar contested DLIR's determination and requested a hearing. An administrative hearing

---

[2]     The Honorable Rhonda A. Nishimura presided.

[3]     The Director's May 29, 2014 request that we take judicial notice of the Third Circuit Court's decision in Spar Mktg. Servs., Inc. v. State of Hawaii Dep't of Labor & Indus. Relations, Civil No. 13-1-0121, is granted but it is not clear why the request was made. The Third Circuit Court's decision is not binding on us in this appeal. Spar's appeal from the Third Circuit Court's decision is currently pending before us in CAAP-14-0000500. No party has moved to consolidate that appeal with this one.

was conducted on January 24, 2012. The hearings officer admitted fourteen exhibits into evidence without objection by any party. The hearings officer heard testimony from Heidi Savage, Director of Human Resources for Spar Marketing Force,[4] a DLIR Unemployment Insurance Division auditor named Jason Hara, and Inokuchi. On May 21, 2012, DLIR issued the Agency Decision which stated, in relevant part:

> The Department's decision is affirmed. The services performed by [Inokuchi] for [Spar] constitute employment pursuant to Haw. Rev. Stat. §§ 383-1, 383-2, 383-6, and 383-10.

Spar's application to reopen the agency proceeding was denied. On August 1, 2012, Spar timely appealed to the Circuit Court pursuant to HRS § 91-14 (2012).[5]

The Circuit Court heard oral arguments on February 15, 2013. On April 29, 2013, the Circuit Court entered the Order. The Order did not articulate which standard of review the Circuit Court had applied. It contained eleven findings of fact and concluded:

> The Court finds that the reliable, probative, and substantial evidence in the record set forth above warrants a reversal of the Appeals Office Decision. Therefore, Employment Security Appeals Referees' Office Decision 1101663 dated May 21, 2012, and the denial of the Application for Reopening of Appeals Officer's Decision, dated July 3, 2012, are reversed.

---

[4] Savage testified that Spar Marketing Force contracts to provide some administrative services to Spar Marketing Services. She also testified on behalf of Spar in the administrative proceedings underlying Spar Mktg. Serv., Inc. v. New Jersey Dep't of Labor & Workforce Dev., 2013 WL 890071 (N.J. Super. Ct. App. Div. 2013) and Spar Mktg Servs., Inc. v. Unemployment Ins. Appeal Bd., 2012 WL 1414097 (Del. Super. Ct. 2012).

[5] The statute provides, in relevant part:

> (a)   Any person aggrieved by a final decision and order in a [proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing] is entitled to judicial review thereof under this chapter[.]
>
> . . . .
>
> (f)   The review shall be conducted by the appropriate court without a jury and shall be confined to the record[.]

The Judgment was entered on May 7, 2013.  This appeal followed.

## II.  **Standard of Review**

"Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal.  The standard of review is one in which this court must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g) [1993] to the agency's decision."  Flores v. Bd. of Land & Nat. Res., 143 Hawai'i 114, 120, 424 P.3d 469, 475 (2018) (brackets in original) (citation omitted).

HRS § 91-14, entitled "Judicial review of contested cases," provides in relevant part:

> (g)    Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings;  or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)    In violation of constitutional or statutory provisions; or
>
> (2)    In excess of the statutory authority or jurisdiction of the agency; or
>
> (3)    Made upon unlawful procedure; or
>
> (4)    Affected by other error of law; or
>
> (5)    Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;  or
>
> (6)    Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6)."  Del Monte Fresh Produce (Hawaii), Inc. v. Int'l Longshore & Warehouse Union, Local 142, 128 Hawai'i 289, 302, 287 P.3d 190, 203 (2012) (citation omitted).

4

> An agency's conclusions of law are reviewed de novo, while an agency's factual findings are reviewed for clear error. A conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case.
>
> As a general matter, a finding of fact or a mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made. Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

Id. (format altered) (citation omitted).

## III. Discussion

The statute at issue in this case is the Hawaii Employment Security Law, HRS Chapter 383. "The statute's purpose is to protect workers from the economic insecurity of unemployment. Courts therefore liberally construe the statute and the rules implementing it in order to avoid the unwarranted deprivation of benefits." Int'l Bhd. of Elec. Workers, Local 1357 v. Hawaiian Tel. Co., 68 Haw. 316, 326, 713 P.2d 943, 952 (1986) (citing Camara v. Agsalud, 67 Haw. 212, 216-17, 685 P.2d 794, 797 (1984)); see also, Berkoff v. Hasegawa, 55 Haw. 22, 27, 514 P.2d 575, 579 (1973) (same) and Bailey's Bakery v. Tax Commissioner, 38 Haw. 16, 28 (1948) (same).

Under the Hawaii Employment Security Law, each employer[6] must pay contributions to an unemployment compensation fund "with respect to wages for employment." HRS § 383-61 (Supp. 1991), et. seq. See, Homes Consultant Co. v. Agsalud, 2 Haw. App. 421, 423, 633 P.2d 564, 567 (1981). "Wages" is defined to include "all remuneration for services from whatever source, including commissions and bonuses[.]" HRS § 383-10 (2015). "Employment" is defined as "service . . . performed for wages or under any contract of hire, written or oral, express or implied."

---

[6] HRS § 383-1 (2015) defines "employer" to include any organization which had one or more individuals performing services for it within the State of Hawai'i.

5

HRS § 383-2(a) (2015). In the DLIR proceeding there was no dispute that Spar had paid money to Inokuchi for performing "merchandising-related services projects" for Spar's clients pursuant to the Agreement. Accordingly, for purposes of the Hawaii Employment Security Law, Inokuchi's relationship with Spar is deemed to be "employment" unless Spar proves each of the three elements of HRS § 383-6 "to the satisfaction of the [DLIR]." HRS § 383-6 (1985); Homes Consultant Co., 2 Haw. App. at 423-24, 633 P.3d at 567.

> HRS § 383-6 provides:
>
> Services performed by an individual for wages or under any contract of hire shall be deemed to be employment subject to [the Hawaii Employment Security Law] irrespective of whether the common law relationship of master and servant exists unless and until it is shown to the satisfaction of the department of labor and industrial relations that:
>
> (1) The individual has been and will continue to be free from control or direction over the performance of such service, both under the individual's contract of hire and in fact; and
>
> (2) The service is either outside the usual course of the business for which the service is performed or that the service is performed outside of all the places of business of the enterprise for which the service is performed; and
>
> (3) The individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the contract of service.

Spar agrees that it had the burden "of overcoming the presumption of employment by establishing that its business relationship with Mr. Inokuchi satisfied all three elements of HRS section 383-6." But Spar incorrectly argues that "it bore the burden before the Appeals Office and the Circuit Court." (Emphasis added.) Under HRS § 383-6 Spar had the burden of proving the three elements "to the satisfaction of the [DLIR.]" By contrast, "[a] court reviewing an agency's decision cannot consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the finding of an expert agency in dealing

6

with a specialized field." <u>Sierra Club v. D.R. Horton-Schuler Homes, LLC</u>, 136 Hawaiʻi 505, 522, 364 P.3d 213, 230 (2015) (emphasis added) (citation, quotation marks and ellipsis omitted).

DLIR's determinations under HRS § 383-6 present mixed questions of fact and law, which are "reviewed under the <u>clearly erroneous</u> standard because the conclusion is dependent upon the facts and circumstances of the particular case." <u>Del Monte Fresh Produce</u>, 128 Hawaiʻi at 302, 287 P.3d at 203 (emphasis added). Where mixed questions of fact and law are presented, "deference will be given to the agency's expertise and experience in the particular field and <u>the court should not substitute its own judgment for that of the agency</u>." <u>Dole Hawaii Div.-Castle & Cooke, Inc. v. Ramil</u>, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990) (emphasis added) (citation omitted). As we explain in more detail below, the Agency Decision was not clearly erroneous and we accordingly reverse the Circuit Court's Order and Judgment.

## A. **Control or Direction**

To pass the first part of the HRS § 383-6 test, Spar had to satisfy DLIR that Inokuchi "has been and will continue to be free from control or direction over the performance of such service [for Spar], both under the [Agreement] and in fact[.]" The application of HRS § 383-6 is a subject of Hawaii Administrative Rules (**HAR**) § 12-5-2 (eff. 2006). That rule provides in relevant part:

> "Control or direction over the performance of such service" means general control and need not extend to all details of the performance of service. The employer need not actually exercise control; it is sufficient that there is a right to do so.

In addition, we have noted:

> On the question of control, our supreme court has stated that in order to satisfy the requirement of HRS § 383-6(1) (1976),
>
>> [T]he control reserved to the principal for unemployment compensation purposes need not extend to all the details of the physical performance of the service by the worker that may be essential to the

> master-servant relationship but may be merely a
> general one exercisable, directly or indirectly, over
> the physical activities and time surrendered by the
> worker.
>
> Bailey's Bakery v. Tax Commissioner, 38 Haw. 16, 50 (1948).

Homes Consultant Co., 2 Haw. App. at 425-26, 633 P.2d at 568
(brackets in original).

Spar contends that the Circuit Court correctly weighed
the evidence presented to DLIR and decided in favor of Spar.
However, the Circuit Court's function in an agency appeal is not
to re-weigh the evidence.  Sierra Club, 136 Hawai'i at 522, 364
P.3d at 230.  The Circuit Court should have reviewed the evidence
presented to the hearings officer not to make its own findings or
conclusions, but to determine whether the Agency Decision was
clearly erroneous.

The Agency Decision stated:

> Pursuant to its contract with its Clients, [Spar] was
> ultimately responsible for ensuring that its Clients'
> merchandising needs were met at the retail locations where
> the Clients' products were sold.  [Spar] offered [Inokuchi]
> the same assignments on an ongoing basis, which is
> indicative of an employer-employee relationship.  [Spar]
> directed [Inokuchi] by providing him with detailed
> instructions about each assignment.  [Spar] exercised
> control by requiring [Inokuchi] to conform to a specified
> standard of behavior and by requiring [Inokuchi] to report
> his work via forms provided by [Spar].  [Spar] determined
> [Inokuchi]'s rate of pay based on information it received
> from its Clients.  If [Inokuchi] was unable to complete an
> assignment, [Spar] was responsible for finding another
> merchandizer [sic] to complete the work for [Spar]'s
> Clients.  Although [Inokuchi] had a great deal of autonomy
> in the performance of his duties, this is not sufficient to
> establish that [Inokuchi] performed his services free from
> [Spar]'s direction and control.  Because [Spar] was
> obligated to provide merchandising services to its Clients,
> [Spar] had the inherent right to direct and control
> [Inokuchi]'s performance of merchandising services.
> Regardless of whether [Spar] contracted with [Inokuchi] on
> an independent contractor basis, [Spar] has failed to
> establish that the first prong of the three-part test is
> satisfied.

There was substantial evidence in the record to support this
determination.  It was not clearly erroneous.

The three parts of HRS § 383-6 are cumulative.  Because
Spar had the burden of proving all three parts to DLIR's
satisfaction to overcome the statutory presumption, Homes

Consultant Co., 2 Haw. App. at 423-24, 633 P.3d at 567, we need proceed no further. However, in the event of further appellate review, we discuss the other two parts of the HRS § 383-6 test.

### B. Service Performed

To pass the second part of the test, Spar had to satisfy DLIR that the service performed by Inokuchi "is either outside the usual course of the business [of Spar] . . . or that the service is performed outside of all the places of business of the enterprise [of Spar.]" HAR § 12-5-2(a)(3) provides:

> (A) "Outside the usual course of the business" refers to services that do not promote or advance the business of the employer, or services that are merely incidental to, and not an integral part of, that business.

> (B) "Outside of all the places of business of the enterprise" refers to places other than the business[']s home office, headquarters or territory in which the business operates[.]

The Agency Decision stated:

> [Spar] is in the business of providing merchandising services for its Clients and the merchandising services that [Inokuchi] performed were integral to [Spar]'s business. Further, although [Spar]'s offices are located in Michigan, it has a contractual obligation to provide merchandising services for its Clients at the retail locations in Hawaii where [Inokuchi] performed his services. The retail locations in Hawaii where the Clients' products are sold became extensions of [Spar]'s place of business. [Spar] has failed to establish that [Inokuchi]'s services were outside [Spar]'s usual course of business or outside [Spar]'s place of business.

There was substantial evidence in the record to support the determination that Inokuchi's services promoted and advanced Spar's business, and that Spar's clients' kiosks – which Inokuchi was contracted to restock and maintain – were located in Hawai'i. The hearings officer's determination was not clearly erroneous.

### C. Independent Trade, Occupation, Profession or Business

To pass the third part of the test, Spar had to satisfy DLIR that Inokuchi was "customarily engaged in an independently established trade, occupation, profession, or business of the

same nature as that involved in the [Agreement]." HAR § 12-5-2(a)(4) provides:

> "The individual is customarily engaged in an independently established trade, occupation, profession, or business" refers to an individual who is performing services and is established in the business of performing these services independent of whatever connection the individual may have with an employer and that the individual must have a proprietary interest in such business, something in which the individual has a right of continuity, which the individual can sell or give away, and which is not subject to cancellation or destruction upon severance of the relationship with the employer.

The Agency Decision stated:

> [Spar] has failed to show that [Inokuchi] has a G.E.T. license or a registered business name as a provider of merchandising services or offers or advertises his services to the general public. [Inokuchi] was performing services for remuneration rather than engaging in a business enterprise. [Spar] has failed to establish that [Inokuchi] was customarily engaged in an independently established business as a provider of merchandising services.

During the agency hearing Inokuchi testified that he had a Hawaiʻi general excise tax (**GET**) license since 2008 or 2009, but that he used it for his mortgage processing work, not for his work for Spar. There was no evidence presented that Inokuchi could <u>not</u> have reported the payments he received from Spar on his GET license. However, Inokuchi also testified that his work assignments from Spar were computer generated and he would have to log in to Spar's system to receive his assignments. There was no evidence presented that Inokuchi could have received assignments directly from Spar's clients, or that Inokuchi could have gone around Spar to contract directly with Spar's clients. Inokuchi was paid by Spar, not by Spar's clients whom Inokuchi serviced. Since Inokuchi was dependent upon Spar for work, could not obtain his assignments directly from Spar's clients, and was paid by Spar rather than by Spar's clients, there was substantial evidence in the record to support the hearings officer's determination that Inokuchi was performing services for Spar for remuneration rather than engaging in his own business enterprise which was "not subject to cancellation or destruction upon

severance of" his relationship with Spar.  The hearings officer did not clearly err.[7]

## IV.  Conclusion

The issue before the Circuit Court on Spar's appeal, and before us on this secondary appeal, is not whether the evidence presented to the hearings officer supported Spar's position more than that of the Director.  The issue is whether the hearings officer clearly erred because either (1) the record lacked substantial evidence to support the agency's finding or determination, or (2) despite substantial evidence to support the finding or determination, we are left with the definite and firm conviction that a mistake has been made.  We conclude that there was substantial evidence in the record supporting the Agency Decision.  We are not left with a definite or firm conviction that the hearings officer made a mistake.  Accordingly, the Circuit Court's Order and Judgment are reversed, and the Agency Decision is affirmed.

On the briefs:

Li-Ann Yamashiro,
Deputy Attorney General,
for Appellee-Appellant.

John S. Mackey,
for Appellant-Appellee.

---

[7]     HRS § 383-6 provides that a determination of "employment" subject to the Hawaii Employment Security Law is purely regulatory in nature and independent of the existence of a common law master-servant relationship.  We reiterate that neither the Agency Decision nor this opinion establishes that Spar could be vicariously liable for any act or omission by Inokuchi under the tort law doctrine of respondeat superior.