BROWN-BROCKMEYER COMPANY, Employer-Appellee, v.
HERSCHBERGER, Employee, Board of Review, Bureau of Un-
employment Compensation, Defendant-Appellant.
BROWN-BROCKMEYER COMPANY, Employer-Appellee, v.
TOMPKINS, Employee, Board of Review, Bureau of Unemploy-
ment Compensation, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

Nos. 1777 and 1778. Decided January 19, 1944.

A. K. Meck, Dayton, for employer-appellee.
Thomas J. Herbert, Attorney General, John M. Woy, Assis-
tant Attorney General, Columbus, for Board of Review, defen-
dant-appellant.

## OPINION

By BARNES, P. J.
The above entitled cases are now being determined as

error proceedings by reason of an appeal on questions of law by the Board of Review, Bureau of Unemployment Compensation, from a judgment of the Court of Common Pleas of Montgomery County, Ohio. The two cases are identical on the legal propositions involved.

Counsel so recognized and but one set of briefs are presented. The record in No. 1777 is more complete than in 1778 and any special reference that we make will probably be to 1777.

On May 27, 1942, Dorothy L. Herschberger filed what is termed an "initial interstate claim" for benefits under the state of Ohio unemployment insurance system. Prior to April 29, 1942, Mrs. Herschberger for about eleven months had been in the employ of the Brown-Brockmeyer Company located at Smithville Road, Dayton, Ohio. On the last date above mention, she resigned her position to go with her husband to their new home in California. And since that time they have been living at 10 East Second Street, Seal Beach, California.

It seems that the State of Ohio has initiated a plan through which claimants, who have for any reason severed their employment relations with an Ohio employer, may file what is termed an "initial interstate claim" with the Social Security Board in the state to which they have moved. Apparently this claim is forwarded to the proper officer located in the city wherein the employer is doing business and thereafter proceedings on such claim are conducted in Ohio. In the instant case the administrator on receipt of the claim allowed same and notified the Brown-Brockmeyer Company of Dayton, Ohio, of his action. The employer within due time appealed from the decision of the administrator to the Board of Review. The matter was referred to a referee and the matter set for hearing July 28, 1942. in the court room of Judge Martin, Court House, Montgomery County, Ohio. The claimant failed to appear, either in person or by counsel. The employer appeared through its personnel manager, together with an attorney. The only testimony taken was that of Dorothy Wilhelm, the personnel manager for the Brown-Brockmeyer Company. From her testimony it clearly appears that Mrs. Herschberger voluntarily quit her work with the company for the announced reason that her husband had been transferred to California and that they were moving their home to that state.

The position that she held with the company was at all

times available to her; that she was so notified at the time of her resignation and afterwards was requested by mail to return to her work. The referee apparently accepted the statements made in claimant's application as true without the introduction of any testimony. In such application claimant made the statement that she was unemployed, able to work and available for work; that she had accepted every job offered to her since she became unemployed; that her last day of work anywhere was April 29, 1942 at Brown-Brockmeyer Company, Smithville Road, Dayton, Ohio. The application contained other statements unnecessary to mention at this time except the claimant stated that she was claiming benefits. The referee modified the initial determination of June 10, 1942, but did determine that claimant was presenting a valid claim but that benefits would not be available to her until such time as she became re-employed and thereafter totally or partially unemployed, pursuant to §1345-6-d (7) GC. Counsel for the Brown-Brockmeyer Company sought leave to institute a further appeal from the decision of the referee but this application was denied. Appeal was then taken to the Common Pleas Court and there heard upon the record. The appeal was sustained and the order modified by first finding that the claimant is not entitled to any award under the application filed and that it will be necessary for claimant to file a new application for benefits if and when she becomes re-employed and thereafter becomes totally or partially unemployed.

We are inclined to the view that this journal entry from the Common Pleas Court is in substance a dismissal of claimant's application, rather than a modification as it is termed. When the court says that the claimant is not entitled to any award under the application filed in this matter, that certainly ends the matter. The new application would have to be upon new facts and, thereafter, there would be a complete hearing the same as though the present hearing had not been had. Of course, the new facts would have to be of such character as would relieve the application from the plea of res adjudicata. Counsel for appellant admits that by reason of the fact that Mrs. Herschberger voluntarily left her employment and moved to California with her husband to make a home there, would at once, under the provisions of the code, deny her any allowance, unless, perchance, she became re-employed and then within a period of a year, lost her employment on some ground that would entitle her to compensation. In other words, it is argued that the re-employment and there-

after, loss of employment would purge the disability now existing.

The Bureau likewise makes the claim that it may proceed with the hearing, determine the claim a valid one, make certain base findings but determining that claimant at the present time is not entitled to any benefits but may be allowed such if in the future she comes within the spirit of the law.

Examining the act as we have, we are unable to find any provision of the code which prescribes such procedure. If we understand correctly the commission has evolvd this plan from the provisions of various sections of the code through which it concludes that the plan will not be violative of the act.

That claimant was not entitled to any compensation at the time she made her application or at the time of the hearing is admitted by everybody.

Sec. 1345-6 GC provides that each eligible individual shall receive benefits as compensation of loss of remuneration due to total or **involuntary** partial unemployment in the amount and subject to the conditions stipulated in the act. Thereafter under the number of lettered or numbered paragraphs follow the conditions under which the individual should not be entitled to benefits under the act. d, (7) provides as follows: "quit work voluntarily to marry or because of marital obligations."

The question is and was controverted as to whether or not claimant made her showings in paragraphs a (3) and (4) of the above section. We do not find it necessary, at this time, to determine this question for the reason that, in our judgment, when the bureau found that claimant was not entitled to benefits, the petition should have been dismissed.

Under §1346-4 GC, provision is made for filing claims for benefits. It is further provided that the administrator or his deputy shall promptly examine any claims filed and on the basis of any fact found therein, shall determine whether or not the claim for benefits is valid and if valid, the week with respect to which benefits shall commence. This section certainly does not contemplate that the Bureau has the right to enter a judgment as to an existing valid claim, unless the facts are present through which it may find "the week with respect to which benefits shall commence, the weekly benefits payable and the maximum duration thereof."

We find in appellant's brief an adequate reason why the appeal should be dismissed. Under appellant's theory of a

subsequent order within a given time, the time has elapsed and hence the question is moot.

We find no prejudicial error and the judgment of the trial court will be affirmed.

Costs in this Court will be adjudged against the appellant.

HORNBECK and GEIGER, JJ., concurring.

Decided February 18, 1944.

Thomas J. Herbert, Attorney General, Columbus, John M. Woy, Assistant Attorney General, Columbus, for Appellant. A. K. Meck, Dayton, Attorney for Appellee.

## OPINION

By THE COURT:

The above entitled two cases are now being determined on apellant's motion for rehearing. A ten page memoranda accompanies the application.

We find no new question presented but merely a supplemental argument with one cited case, in substance urging that the procedure of the Bureau of Unemployment Compensation in making determination of a valid claim with a recital that claimant would not be entitled to benefits until she had established herself in an employment and afterwards lost her employment under conditions that would make her eligible. The case cited is that of Talley v Industrial Accident Board (Idaho) 124 Pac. (2d) 784.

We are not yet ready to go as far as counsel for appellant thinks we should go in rendering definition of valid claim so as to include the employees in the instant case.

As stated in our original opinion, the question seems to be moot and if we are correct in that conclusion there would be no reason to make any further declaration in the instant case.

The application for rehearing will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.