Darrell M. PASKE, et al., Appellants,

v.

COUNTY OF DAKOTA, Respondents.

No. CX-84-547.

Supreme Court of Minnesota.

Jan. 17, 1986.

Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, Michael R. Sieben, Steven D. Hawn, Hastings, for appellants.

Robert F. Carolan, Dakota Co. Atty., Ann E. Decker, Asst. Co. Atty., Dakota County Government Center, Hastings, for respondents.

COYNE, Justice.

On the petition of the County of Dakota we review the decision of the court of appeals reversing a summary judgment, 356 N.W.2d 775, for defendant in this action for breach of employment contracts and ordering instead the payment of severance pay to the plaintiffs. We affirm in part and reverse in part.

The plaintiffs are five stenographers hired originally as court reporters for various judges of the county court for Dakota County. On April 10, 1981, the chief judge of the first judicial district issued an order pursuant to the Court Reorganization Act of 1977 authorizing all district and county judges of the first judicial district to hear any judicial matter arising within the district. By resolution, the judges of the district declared that, effective January 1, 1982, all court reporters in the first judicial district should be deemed district court reporters and their salaries should be apportioned among the seven counties of the district. In July of 1982 the five plaintiffs, asserting that they had been employees of Dakota County whose employment terminated on January 1, 1982, demanded severance pay as provided in the Dakota County Personnel Policy and Procedures Manual. Section IX, subd. C, of the manual provides for severance pay:

All employees who retire or whose employment is terminated shall be entitled to payment for accumulated vacation time plus one-half (½) of all unused sick leave not to exceed fifty (50) days.

When Dakota County refused to pay, the plaintiffs instituted this action for breach

of employment contracts. Before interposing an answer, Dakota County brought a motion pursuant to Minn.R.Civ.P. 12.02 to dismiss for failure to state a claim upon which relief can be granted. By agreement of the parties, matters outside the pleading were considered and the motion was treated as one for summary judgment with respect to the issue whether or not the plaintiffs were employees of Dakota County. The trial court ruled that the plaintiffs were, at all times material to the action, employees of the State of Minnesota and judgment was entered in favor of Dakota County. On appeal the court of appeals reversed, holding that the plaintiffs were county employees until January 1, 1982, for the purpose of providing severance benefits and ordering Dakota County to pay plaintiffs severance pay.

The trial court regarded as controlling *Kuehn v. State, Department of Tenth Judicial District*, 271 N.W.2d 308 (Minn. 1978), in which we held that the workers compensation court of appeals had not erred in finding that a district court reporter was a state employee for purposes of workers' compensation. The court of appeals, on the other hand, looked to the five-factor common law test used to determine whether a worker is an employee or an independent contractor. It seems to us, however, that neither the common law of master and servant nor the law of workers' compensation is controlling, for the relationship between the county and the county court reporters is fixed by statute. Minn. Stat. § 487.01, subd. 2 (1980) provides: "The county board of a county [including Dakota County] shall provide and furnish to the county court the courtrooms, quarters, supplies, equipment and personnel the court finds necessary for its purposes." Minn.Stat. § 487.11, subd. 2 (1980) authorizes the use of electronic equipment to record court proceedings but goes on to provide that:

[A]t the request of any party to any proceedings the court may in its discretion require the proceedings to be recorded by a competent court reporter who shall perform such additional duties as

the court directs. The chief judge of the county court, by order filed with the county board or boards shall fix the salary of a reporter appointed in an amount not to exceed the salary of district court reporters as provided by [statute].

It is undisputed that the plaintiffs are all court reporters originally appointed to serve the county court. It is also undisputed that, at least until January 1, 1982, the plaintiffs were paid by Dakota County. Court reporters so appointed and compensated are "personnel the court finds necessary for its purpose," and personnel "furnished" by the county. Consequently, the county's contention that it does not owe severance pay because the plaintiffs were never county employees is wide of the mark. The county is obliged by statute to pay the compensation due the county court reporters. Moreover, for purposes of the accumulation of paid sick leave and vacation time, Dakota County treated county court reporters in the manner provided in the Dakota County Personnel Policy and Procedures Manual. On one occasion Dakota County paid to a court reporter whose employment was terminated severance pay in accordance with the provisions of the manual. Therefore, we hold that, at least for purposes of compensation, the plaintiff county court reporters were, prior to January 1, 1982, employees of Dakota County and, hence, that they have standing to claim entitlement to severance pay pursuant to the provisions of the Dakota County Personnel Policy and Procedures Manual.

Since the only issue raised by the County's motion was whether or not the plaintiff court reporters were county employees prior to January 1, 1982, we must remand to the district court for further proceedings on the remaining issues. There is, we think, a serious question whether the plaintiffs' employment has been "terminated," as that term is used in the severance pay entitlement provision of the policy manual. If there was a termination, there remains the further issue of the amount of severance pay the plaintiffs

may rightfully claim, since the record does not confirm the accuracy of the plaintiffs' account of accumulated vacation and sick leave or even whether the County challenges or concedes its correctness.

On the issue of termination, we observe that the judges' resolution does not state that the county court reporters' employment is "terminated," but rather that the reporters shall "be deemed" district court reporters, apparently in recognition of the district-wide expansion of the jurisdiction of the court they had served and continue to serve. The resolution also provides that the plaintiffs' salaries should "be apportioned to the seven counties of the First District in accordance with the proportion of population in each county within the District," with Dakota County appointed as the administrative county charged with the duty of administering pay and benefit packages. The record does not reveal the terms of the "pay and benefit packages" afforded the plaintiff court reporters subsequent to January 1, 1982, or whether they have been credited with the same seniority, together with their accumulated vacation and sick leave, or assigned the status of newly hired employees, or whether plaintiffs' duties have materially changed. Matters such as these, reflecting on the plaintiffs' overall employment status, may be relevant to the determination whether there was, in fact and substance, the kind of employment termination entitling the plaintiffs to severance pay pursuant to Dakota County's Personnel Policy and Procedure Manual.

Affirmed in part, reversed in part, and remanded for further proceedings.