John SCHLECK, et al.,
Petitioners, Respondents,

v.

The STATE of Minnesota, et al.,
Respondents,

and

Ramsey County, Minnesota, Appellant.

Nos. C5–89–135, CX–89–373.

Court of Appeals of Minnesota.

July 18, 1989.

Theodore J. Collins, Bonnie Bennett Collins, Buckley, Sauntry & Haugh, Hubert H. Humphrey, III, Atty. Gen., Kathleen M. Mahoney, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Tom Foley, Ramsey County Atty., Elaine Ashbaugh, Asst. Ramsey County Atty., St. Paul, for appellant.

Heard, considered and decided by NORTON, P.J., and SHORT and THOREEN *, JJ.

## OPINION

NORTON, Judge.

Ramsey County appeals from a final partial judgment pursuant to the trial court's writ of mandamus and order. The trial court determined that a supervisor and a senior clerk in the Traffic Violations Bureau, Second Judicial District, were Ramsey County employees entitled to veterans preference hearings following termination. The trial court awarded attorney fees to the terminated employees. We affirm in part and reverse in part.

## FACTS

Prior to September 23, 1988, Robert Kraft and John Schleck were employed by the Traffic Violations Bureau, Second Judicial District, Ramsey County. Kraft was the supervisor of the violations bureau and Schleck was a senior clerk. Both men were long-time employees, Kraft for 21 years and Schleck for 17 years.

Allegations of sexual harassment of women within the violations bureau arose in July 1988. Following an investigation, Sue Alliegro, Second Judicial District Administrator, served Schleck and Kraft with notices of termination from employment. The notices stated that the recipient could request an opportunity to hear an explana-

tion of the facts and present an explanation prior to the date of termination. Both Schleck and Kraft requested and received such a meeting.

Schleck and Kraft are both honorably discharged veterans. Neither received any information concerning rights under the Veterans Preference Act from Ramsey' County, Sue Alliegro, or the State of Minnesota. Ramsey County and the state both claimed they were not the employer of Schleck and Kraft.

The state offered Schleck and Kraft an evidentiary "just cause" hearing before an administrative law judge. Both men declined.

Following a petition, the trial court issued a writ of mandamus ordering Ramsey County, Sue Alliegro and the state to show cause why they should not hold the hearing required by the Veterans Preference Act.

Pursuant to the writ, a hearing was held on October 12, 1988. The court issued its findings of fact, conclusions of law, writ of mandamus and order on November 2, 1988. The trial court determined that Ramsey County was Schleck's and Kraft's employer; that they were not department heads exempt from protection under the Veterans Preference Act; that they were entitled to veterans preference hearings; and that the termination hearings on September 22 and 23 did not comply with the due process requirements of *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) and *Conlin v. City of St. Paul*, 418 N.W.2d 741 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Mar. 30, 1988). The court ordered that Ramsey County hold pre-termination hearings and that Schleck and Kraft be reinstated pending discharge proceedings. The court also ordered that Ramsey County pay Schleck's and Kraft's attorney fees.

## ISSUES

1. Did the trial court correctly determine that Schleck and Kraft were employees of Ramsey County for purposes of the Veterans Preference Act?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

2. Did the trial court correctly determine that Schleck and Kraft were not department heads or chief deputies under the Veterans Preference Act?

3. Did the trial court abuse its discretion in awarding attorney fees?

## ANALYSIS

### I. *Employment Status*

■ Schleck's and Kraft's status as state or county employees is a question of law. *See Voight v. Counties of Big Stone*, 365 N.W.2d 349, 351 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 24, 1985). In deciding issues of law, the appellate court is not bound by the trial court's conclusions. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

■ Ramsey County argues that Schleck and Kraft were employees of the Second Judicial District of the State of Minnesota. The county relies on Minn.Stat. § 383A.281 (1988) and an analysis of traditional common law factors as enunciated in *Olsen v. Kling*, 363 N.W.2d 310, 313 (Minn.1985). In light of statutory provisions addressing the employment status of court employees, we do not apply the common law analysis. *See Paske v. County of Dakota*, 379 N.W.2d 537, 538 (Minn.1986) (neither common law of master and servant nor law of workers' compensation is controlling, for relationship between county and county court reporters is fixed by statute).

At the time Schleck and Kraft began working for the violations bureau, the bureau was part of the municipal court. In 1973, the St. Paul Municipal Court was merged into Ramsey County Court. *See* Minn.Stat. § 488A.282 (1988). Minn.Stat. § 488A.20, subd. 1(e) (1988) provides that "the administrator and all other employees of the court shall be in the unclassified service of the County of Ramsey." Thus, it is clear that prior to court unification, Schleck and Kraft were county employees.

The Ramsey County Personnel Act, Minn.Stat. §§ 383A.281–383A.301 became effective on June 3, 1985. Minn.Stat. § 383A.281, subd. 13 (1988) provides that the Ramsey County personnel system does not include employees of the municipal court and the Second Judicial District administrator's office. Minn.Stat. § 383A.286, subd. 2(i) (1988) provides that all positions in the municipal court of Ramsey County and the Second Judicial District administrator's office shall be in the unclassified service of the county. On their faces, the two laws appear to be inconsistent. It is our duty to give effect to both, if possible. Minn.Stat. § 645.17, subd. 2 (1988). *See Kalin v. Oliver Iron Mining Co.*, 228 Minn. 328, 37 N.W.2d 365 (1949) (every law should be construed, if possible, to give effect to all its provisions). Both section 383A.281 and section 383A.286 were part of the same session law. *See* 1985 Minn.Laws ch. 89 §§ 1 and 6. We believe the two sections should be read together. Section 383A.281 defines the scope of the county personnel system without addressing determination of the employer. Section 383A.286 makes it clear that specified county employees remain county employees after court unification.

Consequently, we believe that although Schleck and Kraft may be included in the Second Judicial District personnel system, they are nevertheless unclassified employees of Ramsey County. This interpretation accords with an agreement signed on February 9, 1985 between Ramsey County and the Second Judicial District. This agreement was entered into in order to clarify the status of Second Judicial District employees. The agreement states that employees in municipal courts prior to unification shall remain in the unclassified service of the county and shall be governed by provisions of the Second Judicial District personnel system.

Ramsey County also argues that because Minn.Stat. § 383A.286, subd. 2(h) (1988) appears to conflict with another law, Minn. Stat. § 43A.08 (1988), all of § 383A.286 must be invalid. We disagree. Even if Minn.Stat. § 383A.286, subd. 2(h) were invalid, which we need not decide, Minn.Stat. § 383A.286, subd. 2(i) is severable.

■ Unless there is a provision in the law that the provisions shall not be severa-

ble, the provisions of all laws shall be severable. Minn.Stat. § 645.20 (1988). Section 383A.286 does not contain a provision which prevents severability. Because the subparts of Minn.Stat. § 383A.286, subd. 2 are not essentially connected and dependent upon each other, subd. 2(i) would not be automatically invalidated if subd. 2(h) were void. *See* Minn.Stat. § 645.20 (remaining provisions are valid unless essentially and unseparably connected and dependent upon void provision).

The county further contends that the trial court erred in "possibly finding" that Schleck and Kraft were county employees for all purposes. The trial court's conclusion of law states that Schleck and Kraft are "employees of the county as provided in Minn.Stat. § 383A.286." The only issue before the court was employment status for purposes of the Veterans Preference Act. There is no indication that the court intended to reach a broader issue. We believe that the court's decision is implicitly limited to the veterans preference context.

Accordingly, we hold that the trial court correctly determined Schleck and Kraft are Ramsey County employees for purposes of the Veterans Preference Act.

## II. *Department Head/Deputy*

■ The head of a department and its chief deputy are exempt from provisions of the Veterans Preference Act. *Granite Falls Municipal Hospital and Manor Board v. State*, 291 N.W.2d 683, 685 (Minn. 1980); Minn.Stat. § 197.46.

The trial court determined that Schleck and Kraft were not department heads or deputies under the Veterans Preference Act. Findings of fact supporting the trial court's determination will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. Findings are not clearly erroneous if they are reasonably supported by the evidence. *Ferguson v. Shea*, 374 N.W.2d 575, 576–77 (Minn.Ct.App.1985).

■ The factors for determination of whether Schleck and Kraft were department heads or chief deputies are:

1. Does the alleged department head have charge of the work done by his department?
2. Does his work require technical, professional training?
3. Is he the highest authority at that level of government as to his official duties?
4. Does he supervise all of the work in his department?
5. Does the success of his department depend upon his technique?
6. Are the employees in the department under his direction?
7. Are his duties more than merely different from other employees?
8. Does he have the power to hire and fire subordinates?

*Holmes v. Board of Commissioners of Wabasha County*, 402 N.W.2d 642, 645 (Minn.Ct.App.1987) (citing *State ex rel. McGinnis v. Police Civil Service Commission of Golden Valley*, 253 Minn. 62, 75, 91 N.W.2d 154, 163 (1958)).

■ We agree with the trial court that Kraft was not the head of a department and that Schleck was not a chief deputy. Schleck supervised up to ten workers and was directly supervised by Kraft. Kraft supervised fifteen workers, mostly entry level employees. Kraft provided overall supervision of the bureau. Both Kraft and Schleck testified that they do not have technical or professional training. There is no evidence that the success of the bureau depended on Kraft's technique. Kraft and Schleck did not have authority to hire or fire employees, although they could make recommendations.

Moreover, Kraft was not the highest authority in the county as to his duties. He was not one of the six division heads in the Second Judicial District. Although Kraft supervised employees, he was subject to the control of the judicial district judges and district court administrator. He was authorized to handle routine decisions but had limited authority over issues requiring the exercise of discretion. Policies and procedures for the bureau were set by the Second Judicial District judges. Therefore, Kraft's position did not rise to the level of

a department head under the Veterans Preference Act. *See State ex rel. Bloomquist v. Barker,* 190 Minn. 370, 251 N.W. 673 (1933) (although position of street commissioner was one of responsibility, he was not the head of the department because his function was largely subject to supervision by city engineer).

We conclude that the trial court's determination that Kraft and Schleck were not department heads or chief deputies is reasonably supported by the record.

### III. *Attorney Fees*

■ Minn.Stat. § 549.21 (1988) provides that the court may award attorney fees if a party acted in bad faith or asserted a frivolous claim. The award of attorney fees under the statute may be upset only upon a finding that the trial court abused its discretion. *Wicker v. City of Maplewood,* 386 N.W.2d 327, 329 (Minn.Ct.App.1986). In awarding attorney fees to Schleck and Kraft, the trial court stated that they were forced to bring suit due to the county's failure to comply with the Veterans Preference Act. The trial court made no finding of bad faith. Ramsey County presented credible evidence in support of its position that it was not the employer of Kraft and Schleck. There is no evidence that the county acted in bad faith or that the county's claim was frivolous. Accordingly, we hold that the trial court abused its discretion in awarding fees against the county.

*Pre-termination Hearing*

Respondents State of Minnesota and Sue Alliegro have filed a notice of review challenging the trial court's determination that Schleck and Kraft did not receive a pre-termination hearing in compliance with *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) and *Conlin v. City of St. Paul,* 418 N.W.2d 741 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Mar. 30, 1988).

Because we determine that Schleck and Kraft were entitled to a veterans preference hearing as county employees, we need not reach the *Loudermill* issue.

### DECISION

The trial court correctly determined that Schleck and Kraft were Ramsey County employees for purposes of the Veterans Preference Act and were not department heads or chief deputies exempt from the provisions of the Veterans Preference Act. The trial court abused its discretion by awarding attorney fees to Schleck and Kraft.

Affirmed in part, reversed in part.